O

FILED
JUL 27 2010
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBEY HAIRSTON,<br><br>        Petitioner,<br><br>  v.<br><br>JUDGE HUDSON, et al.,<br><br>        Respondents. | Case No. EDCV 10-01057-RGK (MLG)<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

On July 16, 2010, Petitioner, a California prisoner,[1] filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition"). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is

---

[1] The Clerk's Office has docketed Petitioner's named as being "Bobey Hairston." Upon closer examination, it appears that Petitioner's name actually is "Robey Hairston."

1 unexhausted.[2] Therefore, the instant Petition must be dismissed without
2 prejudice.

3     Federal courts may not grant habeas relief to a person held in
4 state custody unless the petitioner has exhausted his available state
5 court remedies as to each of the issues presented. 28 U.S.C. §
6 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203
7 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We
8 may review the merits of Petitioner's habeas petition only if he
9 exhausted state court remedies."). "[T]he exhaustion doctrine is
10 designed to give the state courts a full and fair opportunity to resolve
11 federal constitutional claims *before* these claims are presented to the
12 federal courts." O'Sullivan v. Boeckerl, 526 U.S. 838, 845, 119 S. Ct.
13 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S.
14 27, 29, 124 S. Ct. 1347, 1349 (2004)(in order to give the State the
15 chance to pass upon and resolve violations of his federal rights, a
16 state prisoner must exhaust his available state remedies before seeking
17 federal habeas relief). A state prisoner seeking relief with respect to
18 a California conviction or sentence is required to "fairly present" his
19 federal claims to the California Supreme Court. *See id.* at 29, 124 S.
20 Ct. at 1349 (a state prisoner must fairly present his claim to a state
21 supreme court having the power of discretionary review); Keating v.
22 Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

23     Petitioner did not utilize the form of habeas petition required to

---

26     [2] The Court may raise exhaustion problems *sua sponte*. Boyd v.
27 Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); *see also*
28 Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675-76 (1987).

be used in this District or any similar form;[3] rather, the Petition was prepared using a state habeas petition form prescribed by the Judicial Council of California. Nonetheless, the information alleged in the Petition reveals as follows.

Petitioner alleges that: on February 25, 2010, he was convicted in connection with a parole violation; on March 27, 2010, he was sentenced to seven months in state prison; and he expects to be released from prison on September 16, 2010. (Petition at 2.) Petitioner did not appeal his conviction. (Petition at 5.) The only post-conviction proceeding he claims to have filed was a trial court "3045 timekeeping and report" action that raised as an issue "correct records." (Petition at 6.)

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the electronic dockets for the California Court of Appeal, Second Appellate District, and the California Supreme Court.[4] Those records show that a prisoner named "Robey Hairston" has filed two habeas actions in the California Court of Appeal: the first (Case No. B224120) was filed on May 3, 2010, and the petition was denied on May 26, 2010; and the second (Case No. B224826) was filed on June 3, 2010, and the petition was denied on June 7, 2010.

---

[3] See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, the Petition fails to name a proper Respondent. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, when a habeas petitioner is in custody, "the petition must name as respondent the state officer who has custody" of the petitioner. See also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Here, Petitioner names as Respondents the judge who sentenced him and the "O.C. D.A." (presumably, the District Attorney for Orange County). Petitioner is incarcerated in a state prison; neither the trial judge nor the prosecutor has custody of Petitioner and, thus, neither person is a valid Respondent in this case.

[4] Available at http://appellatecases.courtinfo.ca.gov.

1  Those records further show that Petitioner has not filed *any* action in
2  the California Supreme Court.
3
4      Petitioner has not presented his federal habeas claims, whatever
5  they may be,[5] to the state high court and, thus, has failed to exhaust
6  his available state court remedies. . The Petition, therefore, is fully
7  unexhausted,[6] and must be dismissed without prejudice. <u>Rose</u>, 455 U.S.
8  at 522, 102 S. Ct. at 1205. Once Petitioner does properly exhaust his
9  claims, he may file a *new* habeas petition in this Court.[7]
10     For the foregoing reasons, IT IS ORDERED that: the Petition is
11 dismissed without prejudice; and Judgment shall be entered dismissing
12 this action without prejudice for failure to exhaust available state
13 remedies.
14     In addition, pursuant to Rule 11(a) of the Rules Governing Section

---

[5] The allegations of the Petition are garbled and difficult to understand. Petitioner appears to contend that: the trial judge illegally sentenced Petitioner even though the case against Petitioner had been dismissed after the prosecutor discovered that "his girlfriend was [Petitioner's] girlfriend"; the trial judge "hated" Petitioner, because the trial judge's daughter had borne Petitioner's child; the trial judge threatened Petitioner's life; and in court, someone named "Storey," along with the trial judge, shot Petitioner in the head using a needle and tried to kill him. (Petition at 3, 5, 6.)

[6] As the Petition is fully unexhausted, it cannot be stayed while Petitioner pursues exhaustion. <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006).

[7] The Court advises Petitioner that he must be mindful of the **one-year statute of limitations for bringing federal habeas actions**. *See* 28 U.S.C. § 2254(d)(1). In view of the one-year limitations period, **Petitioner is cautioned that he should proceed with diligence** in his exhaustion efforts and in returning to federal court, should he wish to pursue federal habeas relief. **He further is advised that: the filing and pendency of this Petition does not toll the one-year limitations period, which continues to run; and any subsequent federal habeas petition he may file will be a new and separate habeas petition, which will not relate back to the filing date of the current Petition.**

4

2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: July 26, 2010

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE